FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK NOVASIO, and KAREN NOVASIO, | No. 2:25-CV-00123-SAB |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION** |
| FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, | **FOR SUMMARY JUDGMENT** |
| Defendant. | |

Before the Court is Plaintiffs' Motion for Partial Summary Judgment, ECF No. 20. Plaintiffs are represented by Charles P. Pearson. Defendant is represented by Joanne T. Blackburn. The Motion was considered without oral argument.

Plaintiffs purchased home insurance from Defendant. The relevant policy contains a "Two-Week Leak" Exclusion which limits coverage for incidents reported after 14 or more days of continuous damage. Plaintiffs assert that, on November 28, 2024, they discovered wet carpet in their living room and identified a leak from a pipe located inside an interior wall of their home. Plaintiffs notified Defendant of the damage and made a claim pursuant to the insurance policy. On December 2, 2024, Defendant assigned a virtual property adjuster to handle the claim. The claim was denied, and Defendant asserts visual evidence of black mold

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** * 1

was indicative of a leak that had occurred over a longer period, and the "Two-Week Leak" Exclusion barred coverage.

Plaintiffs now move for partial summary judgment as to the enforceability of the "Two-Week Leak" Exclusion. They argue this provision violates a statutory requirement that policyholders have a reasonable opportunity to submit claims upon the discovery of loss, and it ignores Washington State case law that requires insurers to demonstrate their investigation was prejudiced by late notice before a claim can be denied.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** * 2

is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Summary judgment is inappropriate because genuine issues of material fact exist regarding, but not limited to, when the leak developed, when Plaintiff discovered the leak, when the mold developed, and when Plaintiff provided notice to Defendant.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Partial Summary Judgment, ECF No. 20, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 20th day of March 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT * 3**